UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :       03 Cr. 346 (SHS)
       -against-                    :
                                    :       ORDER
MARTIN PEDRO,                       :
                                    :
              Defendant.            :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Defendant Martin Pedro moves pursuant to 28 U.S.C. § 1495 for a certificate of innocence as to two vacated counts (Counts 2 and 8) of his conviction. (Mot., ECF No. 113.) Pedro's convictions under Counts 2 and 8 were vacated pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). (Tr. 16, ECF No. 111.)

      Obtaining a certificate of innocence, pursuant to 28 U.S.C. § 2513, is a prerequisite to filing suit for damages in the United States Court of Federal Claims under 28 U.S.C. § 1495. In order to obtain this certificate, Pedro must prove that (1) "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . and" that (2) "[h]e did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States . . . and he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a).

      A certificate of innocence under section 2513 and damages under section 1495 "compensate only persons who are actually innocent—whether because they did not do what the indictment charged or because what they did is not a crime." *United States v. Valle*, 467 F. Supp. 3d 194, 201 (S.D.N.Y. 2020) (quoting *Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir. 2013)). Pedro is not actually innocent. Like many other defendants given significant sentences pursuant to 18 U.S.C. § 924(c), two counts of Pedro's conviction were vacated pursuant to the United States Supreme Court's decision in *Davis*. *See* 139 S. Ct. at 2336 (holding the residual clause in section 924(c)(3)(B) to be unconstitutionally vague). Pedro cannot show, as required under section 2513, that he "did not commit any of the acts charged" or that they constituted "no offense against the United States." 28 U.S.C. § 2513(a). There was sufficient evidence at trial that he had indeed committed the acts charged in Counts 2 and 8, and both were very much offenses against the United States at the time of conviction. Crucially, Pedro's convictions under Counts 1 and 7 were not vacated – he remains guilty of the predicate offenses of conspiracy to commit armed bank robbery and

conspiracy to commit Hobbs Act robbery.

Accordingly, Pedro's motion for a certificate of innocence pursuant to 28 U.S.C. § 2513 is hereby denied.

Dated: New York, New York
April 19, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.